NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| J&J SPORTS PRODUCTIONS, INC., | : | |
| Plaintiff, | : | **OPINION & ORDER** |
| v. | : | Civ. No. 10-4513 (WHW) |
| SALVATORE GENCARELLI and GENCARELLI'S PIZZERIA & RESTAURANT, INC., | : | |
| Defendants. | : | |

**Walls, Senior District Judge**

Plaintiff J&J Sports Productions, Inc. moves for default judgment against the defendants Salvatore Gencarelli and Gencarelli's Pizzeria & Restaurant, Inc. Both defendants have failed to appear. The plaintiff requests that the Court award statutory damages, enhanced damages and attorneys' fees and costs. Defendants have not opposed this motion and pursuant to Federal Rule of Civil Procedure 78, the motion is decided without oral argument. The motion is granted.

**FACTUAL AND PROCEDURAL BACKGROUND**

J&J Sports Productions, Inc., a California corporation located in California, alleges that it was granted the right to distribute the entire television broadcast of the Mayweather vs. Mosley boxing match on May 1, 2010. According to the complaint, defendant Gencarelli's Pizzeria & Restaurant, Inc. operates a business incorporated and licensed in the State of New Jersey and located in Newark. Defendant Salvatore Gencarelli is an officer, director, shareholder and/or

1

**NOT FOR PUBLICATION**

principal of the business. J&J alleges that the defendants willfully intercepted and broadcast the boxing match at their commercial establishment without authorization from J&J in violation of 47 U.S.C. § 605(a) (unauthorized interception and publication of radio communications) or 47 U.S.C. § 553(a) (unauthorized interception of communications offered over a cable system).

In September 2010, J&J sued the defendants. Both defendants were properly served on October 13, 2010, but have failed to appear. The Clerk of the Court entered default against both defendants in November 2010 and now J&J seeks a default judgment.

## LEGAL STANDARD

When a defendant fails to appear, a district court is authorized to enter a default judgment based solely on the fact that the default has occurred. *Anchorage Assocs. v. Virgin Is. Bd. of Tax Review*, 922 F.2d 168, 177 n.9 (3d Cir. 1990). When deciding a motion for default judgment, a court should accept as true the well-pleaded allegations of the complaint. *Ramada Worldwide, Inc. v. Benton Harbor Hari Ohm, L.L.C.*, Civ. No. 05-3452, 2008 U.S. Dist. LEXIS 63600, at *13 (D.N.J. July 31, 2008); *Days Inn Worldwide, Inc. v. Mayu & Roshan, LLC*, Civ. No. 06-1581, 2007 U.S. Dist. LEXIS 41997, at *8 (D.N.J. June 8, 2007). However, a court must make "an independent inquiry into whether the unchallenged facts constitute a legitimate cause of action" and "must make an independent determination" regarding questions of law. *Days Inn*, 2007 U.S. Dist. LEXIS 41997, at *11. Moreover, a court does not accept as true allegations pertaining to the amount of damages, and may employ various methods to ascertain the amount of damages due, including calculation based on figures contained in documentary evidence or affidavits. *Ramada*, 2008 U.S. Dist. LEXIS 63600, at *13-14; *Days Inn*, 2007 U.S. Dist. LEXIS 41997, at *15-17.

## DISCUSSION

### A. Default Judgment

The grant of default judgment is largely a matter of judicial discretion. Though, that "discretion is not without limits," and there is a "preference that cases be disposed of on the merits whenever practicable." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180, 1181 (3d Cir. 1984) (citations omitted).

Before granting a default judgment, the Court is obliged to consider three factors: (1) whether plaintiff will be prejudiced if default is not granted, (2) whether defendant has a meritorious defense, and (3) whether defendant's delay was the result of culpable misconduct. *Days Inns*, 2007 U.S. Dist. LEXIS 41997, at *9.

Because the defendants have not appeared, the Court is not in a position to determine whether they have a meritorious defense or whether any delay is due to culpable misconduct. *See id*. As for prejudice to the plaintiff, if default is not entered, it will have "no other means of vindicating its claim against the defendants." *Id.* (citation omitted). Consequently, the factors weigh in favor of granting default judgment.

### B. Cause of Action Under 47 U.S.C. § 605 or § 553

In its complaint, J&J seeks relief under 47 U.S.C. § 605 or, alternatively, 47 U.S.C. § 553. Both statutes prohibit the unauthorized interception and exhibition of communications. The common elements of both statutes require the plaintiff to show that the defendants intercepted a broadcast, defendants were not authorized to intercept the broadcast, and defendants showed this broadcast to others. §§ 553, 605. Both statutes allow enhanced damages if the plaintiff shows

**NOT FOR PUBLICATION**

that the defendants willfully intercepted the broadcast for commercial advantage or private financial gain. *Id.*

Here, J&J has alleged facts to support the common elements of both statutes because it alleged that the defendants intercepted the Mayweather vs. Mosley fight, neither defendant was authorized to receive or exhibit the transmission, defendants exhibited the broadcast at the business establishment, they did so willfully, and they did so for commercial advantage or private financial gain.

Piracy of television programs, such as that which occurred here, either falls within the purview of § 553 or § 605, but not both. *See TKR Cable Co. v. Cable City Corp.*, 267 F.3d 196, 207 (3d Cir. 2001). J&J acknowledges in its complaint that without further discovery or admission by defendants, it cannot determine if the defendants intercepted the signal via a cable system (in violation of § 553) or via a satellite transmission (in violation of § 605). This Court has previously dealt with this problem by "giving Plaintiff the benefit of the doubt" and "not faulting Plaintiff . . . for failing to plead the particular manner of interception since this may be exclusively within Defendants' knowledge." *J&J Sports Prods. v. Gallegos*, Civ. No. 08-201, 2008 U.S. Dist. LEXIS 61066, at *8 (D.N.J. Aug. 5, 2008) (Walls, J.) (quoting *J&J Sports Prods., Inc. v. Perdomo*, No. 06-1374, 2007 U.S. Dist. LEXIS 21137, at *6 (D.N.J. Mar. 26, 2007)) (brackets omitted). This Court awarded damages "in an authorized amount of statutory damages for the illegal interception of programs under either § 553 or § 605." *Id.* (quoting *J&J Sports Prods.*, 2007 U.S. Dist. LEXIS 21137, at *12) (brackets omitted). Because the facts of that case and this one are nearly identical, the Court follows that precedent. The Court is satisfied that J&J has pled facts that give rise to a cause of action under either § 553 or § 605 and is entitled to statutory and enhanced damages consistent with those authorized by both statutes.

**NOT FOR PUBLICATION**

    C. **Damages**

Both § 605 and § 553 allow plaintiff to elect to receive statutory damages (rather than actual damages), which are determined based on statutory guidelines and judicial discretion. 47 U.S.C. §§ 605, 553. Section 605 provides for basic statutory damages of "not less than $1,000 or more than $10,000" plus enhanced damages of "not more than $100,000." § 605. Section 553 allows basic statutory damages "not less than $250 or more than $10,000" and enhanced damages in an "amount of not more than $50,000." § 553.

Courts of this District have approved the award of statutory damages in excess of actual damages for the purpose of deterrence. *See Comcast Cable Comm. v. Bowers*, Civ. No. 06-1664, 2007 U.S. Dist. LEXIS 38513, at *12 (D.N.J. May 25, 2007) (awarding the plaintiff $10,000 in statutory damages, noting "courts in this circuit have been inclined to increase the damages for deterrent or punitive purposes"). However, courts have also acknowledged that when there is a huge discrepancy between maximum statutory damages and actual damages, an award of maximum statutory damages is not appropriate despite its deterrent effect. *See Perdomo*, 2007 U.S. Dist. LEXIS 21137, at *12 (awarding statutory damages in the amount of $1,200 because "this is the amount Plaintiff claims that Defendants would have had to pay to legitimately purchase the right to commercially exhibit the boxing match."); *J&J Sports Prods., Inc. v. Munguti*, Civ. No. 06-1282, 2007 U.S. Dist. LEXIS 22096, at *12 (D.N.J. March 26, 2007) (same and awarding $800 in enhanced damages because the defendant willfully intercepted the broadcast for commercial gain).

J&J seeks an award of $10,000 in statutory damages and $15,000 in enhanced damages for a total of $25,000. J&J asserts that it suffered at least $6,200 in actual damages based on the amount the defendants would have paid if they had purchased an authorized broadcast. This

amount is based on the estimate by the plaintiff's investigator of the maximum occupancy of the defendant's establishment (101-200) and the amount a business establishment of that size would have to pay to receive an authorized broadcast. Based on this damages estimate, the Court awards $6,200 in statutory damages.

The Court also considers the deterrent purposes of enhanced damages under both statutes because J&J alleged that the defendants intercepted the broadcast willfully and for commercial advantage or private financial gain. As the *Munguti* court reasoned, an award of $800 in enhanced statutory damages is appropriate when the plaintiff provided "no proof that defendant pirated other events, advertised the fight, or charged a cover charge or premium on food when they viewed event to approximately forty customers." *Munguti*, 2007 U.S. Dist. LEXIS 22096, at *11 (citing *Kingvision Pay-Per-View Ltd. v. Rodriguez*, No. 02-7972, 2003 U.S. Dist. LEXIS 2674, at *1-2 (S.D.N.Y Feb. 24, 2003)); *see also J&J Sports Prods. v. Gallegos*, Civ. No. 08-201, 2008 U.S. Dist. LEXIS 61066, at *8 (D.N.J. Aug. 5, 2008) (Walls, J.) (awarding $1000 in damages when broadcast was showed to only nine customers). Here, defendants showed the boxing match to fewer than thirty customers. And J&J has not provided evidence of any of the factors listed in the *Munguti* decision. The Court is satisfied that the minimal profit made and lack of promotion of the fight by defendants warrants enhanced statutory damages of $3,000.

J&J is awarded enhanced and statutory damages in the total amount of $9,200.

**D. Attorneys' Fees**

Section 553 allows and § 605 requires the award of attorneys' fees and costs. Plaintiff has requested an award of fees and costs in the amount of $2,324.50. Plaintiff supports this figure with a detailed affidavit from its attorney breaking down the hours that he and his paralegal

**NOT FOR PUBLICATION**

worked and the costs expended. The Court is satisfied that these fees are reasonable and awards plaintiff attorneys' fees and costs, as requested, in the amount of $2,324.50.

## CONCLUSION

**ORDERED** that plaintiff's motion for default judgment is **GRANTED** in the amount of $9,200 in damages ($6,200 statutory and $3,000 enhanced) and $2,324.50 in attorneys' fees and costs against defendants jointly and severally.

March 28, 2011

/s/ **William H. Walls**
United States Senior District Judge